The Honorable Joan H. Heggen Secretary, Department of Veteran and Community Affairs
QUESTION:
What procedure, if any, exists for applying veterans' preference to an individual who is seeking employment in a class within the state career service system, but which class has been designated by the Department of Administration as `noncompetitive'?
SUMMARY:
Although there does not appear to be any statute or administrative rule specifically outlining how preference is to be awarded certain verterans and other eligible persons seeking employment in a noncompetitive position within the state career service system, s. 295.07, F.S. (1980 Supp.), directs the state and its political subdivisions to give preference in appointment and retention to the veterans and other eligible persons outlined in subsections (1) through (4) of said section, except when the position is among those listed under s. 110.205(2), F.S. (1980 Supp.), as exempt from the career service system. Thus, pending creation of specific guidelines or procedures for awarding preference in noncompetitive positions within the state career system by the Legislature or by the Department of Administration pursuant to its rulemaking authority in accordance with s. 110.213(3) and (6), F.S., each employing agency of the state and its political subdivisions in accordance with the mandate of s. 295.07, F.S. (1980 Supp.), is required to give preference to the veterans and other eligible persons outlined in s. 295.07, F.S. (1980 Supp.), in the selection of applicants for employment for noncompetitive as well as competitive positions within the career service system.
In accordance with s. 110.213, F.S., the Department of Administration designates each employment class in the state career service system as either `competitive' or `noncompetitive' and determines the type of examination or selection procedure to be utilized for each class. According to the supplemental materials furnished this office by the Department of Administration, for competitive classes, the Department of Administration develops assembled examinations (which may be written, performance, or other types appropriate for determining an applicant's qualifications) and unassembled examinations consisting of an applicant's training and experience. By assigning a numerical score to these types of examinations, the Department of Administration states that it is very easy to add the appropriate veterans' preference points. For noncompetitive classes, the Department of Administration establishes the minimum training and experience requirements and the employing agency may establish an examination or selection method for a class. However, since no qualifying `score' is applied for noncompetitive positions, the Department of Administration states there is no mechanism for adding veterans' preference points and it therefore appears that one segment of career service employees is allowed to obtain 5 or 10 veterans' preference points because of the method of examination and the other segment is not. I submit, however, that regardless of the mechanism, i.e., points or otherwise, preference must be given in the selection of employees for both classes within the career service system to the veterans and other eligible persons designated in s. 295.07, F.S. (1980 Supp.).
Pursuant to the provisions of s. 1, ch. 80-370, Laws of Florida, codified as s. 295.07, F.S. (1980 Supp.), the Legislature has directed the state and its political subdivisions to give preference in appointment and retention in positions of employment to veterans and other eligible persons outlined in subsections (1) through (4), except when the position is among those listed under s. 110.205(2), F.S. (1980 Supp.), as exempt from the career service system. This directive is broad enough to encompass both competitive and noncompetitive positions within the career service system. In addition, the directive is clear, plain, and without ambiguity and effect must be given to it accordingly. Fine v. Moran, 70 So. 533 (Fla. 1917).
Section 295.08, F.S., states that for those positions for which an examination is used to determine the qualifications for entrance into employment with the state or its political subdivisions, 10 points shall be added to the earned ratings of those persons included under s. 295.07(1) or s. 295.07(2), and 5 points shall be added to the earned ratings of those persons included under s.295.07(3) and (4), provided that such person has obtained a qualifying score on the examination for the position. The Legislature has here clearly and specifically provided the mechanism and a priority by which preference points are to be awarded certain veterans and other eligible persons when employment is sought in a position designated by the Department of Administration as a competitive position for which an examination is used to determine the applicant's qualifications.
Regarding noncompetitive positions, s. 3, ch. 80-370, Laws of Florida, codified as s. 295.085, F.S. (1980 Supp.), renumbered s. 295.10 and amended it to read as follows:
 In all positions in which the appointment or employment of persons is not subject to the career service system or other merit-type systems, with the exception of those positions included under s. 110.205(2) and with the exception of comparable positions in the state's political subdivisions, preference in appointment and employment shall be given by the state and its political subdivisions first to those persons included under s. 295.07(1) and (2), and second to those persons included under s. 295.07(3) and (4) . . . provided such persons possess the minimum qualifications necessary to the discharge of the duties involved. (Emphasis supplied.)
Even though the above section attempts to address the procedure whereby preference is to be awarded in noncompetitive positions, the language of the section qualifies its application to `. . . all positions in which the appointment or employment of persons isnot subject to the career service system . . . .' (Emphasis supplied.) Since noncompetitive positions at the state level are either within the career service system or exempt from the career service system under s. 110.205(2), F.S. (1980 Supp.), this statutory provision has virtually no application at the state level. Nor does any other statutory provision or administrative rule address the question as to how preference is to be awarded in appointment and retention in noncompetitive positions within the state career service system. In addition, my research has disclosed no applicable federal law regarding preference for veterans when seeking initial appointment to an employment position. Cf. 38 U.S.C. § 2021, relating to right to reemployment of inducted persons.
As previously stated, s. 295.07, F.S. (1980 Supp.), clearly mandates that the state and its political subdivisions give preference in appointment and retention in positions of employment to the veterans and other eligible persons outlined therein except when the position is among those listed under s. 110.205(2), F.S. (1980 Supp.), as exempt from the career service system. Noncompetitive positions within the career service system are clearly within the purview of s. 295.07 thus mandating that preference be given. Notwithstanding the fact that no procedure or mechanism has been specifically outlined by the Legislature or by an administrative rule, it still follows that preference must be awarded. However, this office is without authority to create or outline any such procedure or mechanism for awarding veterans' preference in noncompetitive positions within the career service system. Pending creation of a specific procedure or mechanism for awarding preference in noncompetitive positions within the career service system by the Legislature or by the Department of Administration pursuant to its rulemaking authority in accordance with s. 110.213(3) and (6), F.S., it is my opinion that the employing agency, in accordance with the mandate of s. 295.07, F.S. (1980 Supp.), must still give preference within their respective agencies to the veterans and other eligible persons outlined in s. 295.07 in the selection of applicants for employment in the aforementioned positions.
Prepared by: Linda Lettera, Assistant Attorney General